*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WESLEY ZOO YANG and VIENGKHAM
MOUALOR,

       Plaintiffs-Appellees,

v

EVEREST NATIONAL INSURANCE
COMPANY,

       Defendant-Appellant,

and

MOTORIST MUTUAL INSURANCE
COMPANY,

       Defendant-Appellee.

FOR PUBLICATION
August 27, 2019

No. 344987
Wayne Circuit Court
LC No. 17-018062-NF

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*).

I concur in the result reached by my colleagues in this appeal. I write separately to explain that I would affirm on narrower grounds. First, it was conceded at oral argument that the notice of cancellation at issue here was a conditional notice, not an unconditional one. If the insured paid the premium by the future deadline, then the policy would not be canceled; if the insured did not pay by that deadline, then the policy would be canceled. Under existing case law, a notice of insurance cancellation must be unconditional to be effective. *American Fidelity Co v RL Ginsburg Sons' Co*, 187 Mich 264, 276; 153 NW 709 (1915). Because the notice of cancellation in this case was not unconditional, it was not effective.

Second, the relevant facts and contract language here are similar to those in *Equity Ins Co v City of Jenks*, 184 P3d 541; 2008 OK 27 (2008). For the reasons more fully explained by the Oklahoma court, I would conclude that the contract language here "would lead the insured to believe that a failure to pay the premium on or before the due date does not automatically result

in cancellation, but merely gives rise to the possibility of cancellation." *Id.* at 545. In general, a party cannot unilaterally enlarge its contract rights, and Everest could not do by notice what the mutually agreed-upon language of the contract did not anticipate. Thus, separate from whether the notice was conditional or not, the notice attempted to do something (pre-failure-to-pay notice of cancellation) that the contract, fairly read, did not permit.

Accordingly, I would affirm based either (i) on the language of the specific notice, or (ii) on the language of the specific insurance contract, without reaching the broader question of what MCL 500.3020 does and does not permit with respect to cancellation notices in general.

/s/ Brock A. Swartzle